IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

    Plaintiff,

      v.

                                    CIVIL ACTION FILE
                                    NO. 1:10-CV-4148-TWT

AGCO CORPORATION, et al.,

    Defendants.

ORDER

       This is a declaratory judgment action arising out of an insurance coverage dispute.  It is before the Court on the Defendant Glynn General Purchasing Group, Inc.'s Motion to Dismiss [Doc. 6], and the Defendant AGCO Corp.'s Motion to Dismiss [Doc. 8].  For the reasons set forth below, the Court DENIES the Defendants' motions.

I.  Background

       This case arises from a lawsuit filed on June 26, 2009, and currently pending in the Superior Court of Gwinnett County (the "Underlying Action").  See AGCO Corp. v. Glynn Gen. Purchasing Grp., Inc., No. 09-A-05901-3.  (See Compl., Ex. 1.) AGCO Corp. ("AGCO") produces and sells agricultural equipment.  In the Underlying

Action, AGCO alleges that Glynn General Purchasing Group, Inc. ("Glynn") breached its agreement to provide and administer extended protection plans and warranties for AGCO's agricultural equipment.  (Id.)  Specifically, AGCO claims that Glynn wrongfully denied claims, failed to take appropriate action in response to certain claims, failed to properly administer claims, and wrongfully accepted premiums.  Id. Discovery is complete in the Underlying Action.

Since 2005, Philadelphia Indemnity Insurance Company ("Philadelphia") has provided claims-made professional liability insurance to Glynn.  Although it has not been made a party, Philadelphia has defended Glynn in the Underlying Action under a reservation of rights. The policy at issue in this case and implicated in the Underlying Action has a policy period of March 17, 2009 through March 17, 2010 (the "Policy). (See Compl., Ex. 3.) Under the Policy, Philadelphia agreed to provide indemnification and defense to Glynn for "wrongful acts" committed after the "retroactive date." (See id.) The retroactive date is March 17, 2009. (See id.) The Policy defined "wrongful act" as a "negligent act, error, or omission committed or alleged to have been committed by you . . . in the rendering of professional services." (Id.) "Professional services" are defined as "services rendered to others for a fee solely in the conduct of your profession." (Id.) Glynn's profession is listed as "Third Party Administrator." (Id.)

On December 21, 2010, the Plaintiff filed this lawsuit under the Declaratory Judgment Act.  See 28 U.S.C. § 2201, *et seq.*  Philadelphia seeks a declaration that it owes no duty to defend or indemnify Glynn under the Policy [Doc. 1].  The Plaintiff argues that several Policy provisions, including the retroactive date, bar coverage under the Policy.  Both Glynn and AGCO have filed Motions to Dismiss [Docs. 6 & 8].  The Defendants argue that the Court should dismiss or stay this lawsuit in favor of the Underlying Action.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v.

Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III.  Discussion

The Defendants argue that the Court should abstain from jurisdiction because the Underlying Action is pending.  "The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'" Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)).  "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so."  Id.  Indeed, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).

In Ameritas, the plaintiff insurer issued a life insurance policy with a suicide provision.  When the insured committed suicide, the insurer filed a declaratory judgment action in federal court, denying coverage under the policy.  The beneficiary then filed suit in state court to enforce the policy.  The beneficiary also filed a motion

to dismiss the federal action in favor of the pending state court litigation.  Facing parallel state and federal actions challenging the validity of the policy, the court set forth a list of factors to consider when deciding whether to abstain from federal jurisdiction:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331.  Ultimately, the Eleventh Circuit dismissed the action, reasoning that "while [the federal court] had before it only an incomplete set of parties and claims, the state court action encompassed the complete controversy."  Id.

In Smithers Construction, Inc. v. Bituminous Casualty Corp., 563 F. Supp. 2d 1345 (S.D. Fla. 2008), the plaintiff filed a state court action seeking a declaratory judgment and damages against a contractor and its insurer.  The contractor filed a cross-claim for declaratory judgment seeking a declaration of rights under the policy. The state court eventually dismissed the plaintiff's declaratory judgment claim, leaving only the underlying liability claim and the contractor's cross-claim.  The insurer then removed the contractor's cross-claim for declaratory judgment.  The contractor argued that the court should abstain from deciding the declaratory judgment

action in favor of the state court forum.  The court, however, declined to dismiss or remand the federal action.  The court reasoned that because the plaintiff's declaratory judgment claim had been dismissed, "there [was] no action pending in state court that [would] resolve the matter of insurance coverage under the Policy."  Id. at 1348. Further, although the court found there was no need to discuss the Ameritas factors, it noted that "Ameritas factors (ii) through (viii) weigh strongly in favor of allowing this claim to proceed, particularly with respect to resolution of [the insurer's] duty to defend."  Id.

Similarly, in Essex Insurance Co. v. Foley, No. 10-0511, 2011 WL 290423 (S.D. Ala. Jan. 27, 2011), several individuals brought a state court negligence action against the defendant insured.  Although the defendant's insurer provided a defense in the state court action, it was never joined as a party.  The insurer then filed a federal declaratory judgment action challenging its duty to defend and indemnify the insured. The insured moved to dismiss the federal suit in favor of the state court litigation.  The court, however, declined to dismiss or stay the federal action.  The court reasoned that unlike Ameritas, "there [were] neither identity of parties and issues, nor parallel state litigation."  Id. at *2.  Indeed, the plaintiff insurer was not a party to the underlying state court action and "[n]o coverage issues [had] been joined in the Underlying Action."  Id.  The court also noted that "the duty-to-defend component of [the]

declaratory judgment action would almost certainly be rendered moot by a stay pending resolution of the Underlying Action." Id. at *3.

Here, as in Foley and Smithers, the Underlying Action is not parallel to this lawsuit. See Foley, 2011 WL 290423, at *2 (where insurer is not party to state court action and state suit does not involve insurer's coverage obligations, state court proceedings are related but not parallel). Unlike Ameritas, the Underlying Action *does not* "emcompass[ ] the complete controversy" in terms of parties or claims. Ameritas, 411 F.3d at 1331. Indeed, although Philadelphia has been defending Glynn under a reservation of rights, it has never been joined as a party in the Underlying Action. Also, as in Foley and Smithers, the coverage issues involved in this lawsuit–especially Philadelphia's duty to defend–are not at issue in the Underlying Action. Thus, "the duty-to-defend component of this declaratory judgment action would almost certainly be rendered moot by a stay pending resolution of the Underlying Action, thereby needlessly frustrating [Philadelphia's] efforts to obtain a ruling on the merits as to that issue." Foley, 2011 WL 290423, at *3.

The Defendants, however, stress that the Underlying Action will likely address many of the same issues as this suit. However, "the mere overlap of certain facts, without more, does not in any way suggest that this case will interfere or encroach on the state court proceedings, much less justify the imposition of a stay of this properly

filed federal declaratory judgment action pending the conclusion of the Underlying Action." <u>Foley</u>, 2011 WL 290423, at *3. Importantly, although certain issues regarding Philadelphia's duty to indemnify may overlap with the Underlying Action, Philadelphia's duty to defend will not be decided by the state court.

Further, the <u>Ameritas</u> factors weigh against dismissal.[1] The first factor does not favor of abstention. Although Georgia law will control interpretation of the Policy, Georgia does not have a particularly strong interest in deciding the coverage issues properly and exclusively before a federal court. Also, factors two through six weigh in favor of the Plaintiff. As discussed above, the Underlying Action will not decide any of the coverage issues currently before this Court. This action, however, will determine Philadelphia's duty to defend, an issue *not* before the state court. Rather than cause friction between federal and state jurisdictions, "a definitive ruling by this Court about whether [Philadelphia] has a duty to defend or indemnify [Glynn] in the

---

[1]Some courts have suggested that the <u>Ameritas</u> factors need not be addressed in the absence of "parallel litigation." <u>See</u> <u>Smithers</u>, 563 F. Supp. 2d at 1348 (noting that "this Court need not evaluate the <u>Ameritas</u> factors because the parallel State Declaratory Judgment Action has been dismissed."). Other courts have addressed these factors even where the underlying litigation is merely related, but "shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action." <u>State Farm Fire and Cas. Co. v. Knight</u>, No. 09-0783-WS-B, 2010 WL 551262, *3 (S.D. Ala. Feb. 11, 2010); <u>see also</u> <u>Foley</u>, 2011 WL 290423, at *2 (noting that "[a]t a minimum . . . the absence of parallel proceedings is a substantial factor bearing on the <u>Wilton</u>/<u>Brillhart</u> analysis."). Having found that the Underlying Action is not parallel, the Court with nevertheless address the <u>Ameritas</u> factors.

Underlying Action may facilitate disposition of those state court proceedings by eliminating uncertainty as to [Philadelphia's] duties owed to [Glynn]." <u>Foley</u>, 2011 WL 290423, at *3.  Finally, factors, seven, eight, and nine do not weigh heavily in favor of abstention.  As discussed above, the mere potential for overlap of certain facts does not demand abstention where the parties and issues are not identical.  Thus, the <u>Ameritas</u> factors do not weigh in favor of dismissal.

The cases cited by the Defendants are not to the contrary.  In <u>Penn Millers Ins. Co. v. AG-Mart Produce Inc.</u>, 260 Fed. App'x 175 (11th Cir. 2007), the insurer brought a declaratory judgment action challenging its duty to indemnify the insured for punitive damages in an underlying state court suit.  Without providing reasoning, the Eleventh Circuit held that the district court had not abused its discretion by dismissing the federal declaratory judgment action.  In <u>Penn Millers</u>, however, the plaintiff only disputed its duty to indemnify the insured for punitive damages that might be awarded in the state court action.  Unlike <u>Foley</u> and <u>Smithers</u>, the plaintiff did not challenge its duty to defend.  Further, the plaintiff in <u>Penn Millers</u> disputed only its duty to indemnify the insured for punitive damages, an issue that overlapped extensively with the underlying liability claim.

In <u>University of Georgia Athletic Association, Inc. v. Fireman's Fund Insurance Co.</u>, 2006 U.S. Dist. LEXIS 38971 (M.D. Ga. June 13, 2006 ), an insured brought a

state court action seeking a coverage declaration under an insurance policy.  The insurer removed the suit to federal court.  The court, however, remanded the case, noting that it could "discern no reason for treating a motion to remand a removed action to state court differently from a motion to dismiss a federal declaratory judgment action in favor of a pending state court action."  Id. at *6-7.  The court reasoned that if remanded, the state declaratory judgment action would resolve *exactly* the same coverage issues that were before the federal court.  Although "the underlying damages action for which insurance coverage is being questioned in the declaratory judgment action is presently pending in the same state court to which this action would be remanded," the court found that fact was "not dispositive."  Id. at *7.  Here, as discussed above, the Underlying Action *will not* decide all the issues pending in this case, especially Philadelphia's duty to defend.  Further, the fact that some factual issues will also be addressed in the Underlying Action is not dispositive.  Indeed, "it is rare that an insurance coverage declaratory judgment action does not involve overlapping facts with the underlying tort action, yet such declaratory judgment actions deciding coverage routinely coexist with state-court litigation concerning liability."  Foley, 2011 WL 290423, at *3.  For these reasons, the Court will not abstain from exercising declaratory judgment jurisdiction.

IV.  <u>Conclusion</u>

For the reasons set forth above, the Court DENIES the Defendant Glynn General Purchasing Group, Inc.'s Motion to Dismiss [Doc. 6] and DENIES the Defendant AGCO Corp.'s Motion to Dismiss [Doc. 8].

SO ORDERED, this 6 day of July, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge